## THE LOTTA.

### ROXBURY v. THE LOTTA.

#### (District Court, S. D. New York. November 28, 1894.)

1. MARITIME LIEN — REPAIRS — WRONGFUL DIVERSION OF CHECK IN PAYMENT DISREGARDED.

   An agent for two different lines of steamers wrongfully directed a check from one line to be applied by a material man in payment of a claim against the other line. On discovery of the fact several weeks afterwards, the credit was transferred to the proper company. *Held*, that the original lien was not affected by the temporary wrongful credit, or by the receipt in payment given thereon.

2. STATE RECEIVER—SUBSEQUENT LIBEL—ARREST BEFORE RECEIVER'S POSSESSION.

   After the appointment and qualification of a receiver appointed by the state court, a libel was filed to enforce a lien for repairs, and the vessel was arrested by the marshal before any person representing the receiver had taken actual possession of the vessel, or given notice of the receivership to the master thereof, or to any person on board, and before either had notice of the receivership. *Held*, that the arrest by the marshal was valid.

This was a libel by Theodore H. Roxbury against the steamboat Lotta for work done and materials furnished.

Wilcox, Adams & Green, for libelant.
Goodrich, Deady & Goodrich, for claimants.

BROWN, District Judge. The above libel was filed to recover the amount of lien on the steamboat Lotta for paint and painting supplied her in March and April, 1894. The defenses were: First, that the Lotta was in charge of a receiver before the arrest by the marshal, and could not be held; second, that $300 of the amount claimed had been paid and previously applied by the libelant in payment of the bill.

As respects the claim of payment of $300, the evidence shows that a check for that amount had been received by the libelant from one Jansen, who was acting as agent of several steamship lines, including the respondent's, and also that of the Knickerbocker Steamship Company, for whom the libelant was also accustomed to do work, and against whom the libelant had a considerable bill then due and payable; that the check which Jansen turned over to the libelant was drawn by the Knickerbocker Company payable to Jansen, and was indorsed by him to the libelant; that Jansen directed the libelant to apply it to his account against the Lotta; and that the libelant accordingly did so; that this check was in fact given by the Knickerbocker Company to Jansen in order to pay its own indebtedness to the libelant on account of his work upon the company's steamers; and that it was diverted by Jansen to the Lotta's credit without authority; and that the Knickerbocker Company required of the libelant to credit the company with the amount, as soon as it learned of the diversion, which was not until Jansen's death, several weeks after; and that the libelant had changed its application accordingly. As the check was, according to the proofs, plainly misapplied, and as no rights or interests can be prejudiced by a restoration according to the just rights of the parties, I find the misapplication should be disregarded; and that the credit of this $300 made to the account of the Lotta, and afterwards rightly transferred to the credit of the Knickerbocker Company, has no legal effect on the libelant's lien against the Lotta.

As respects the arrest by the marshal, the proofs on the trial established more clearly what appeared by the affidavits on the motion to discharge the attachment; which on hearing was denied. These proofs leave no doubt that though the master of the Elaine, the sister vessel of the Lotta, had received notice of the appointment of the receiver two days before the marshal's arrest of the Lotta, no such notice of the appointment of the receiver, or of any claim of the receiver to the vessel, had ever been given to the master of the Lotta; that there was no knowledge of this appointment either by him, or by the marshal, at the time when the marshal arrested and took possession of the Lotta at New Baltimore on the 18th of September; and that neither the receiver, nor any one representing the receiver, was on board the Lotta, nor had the master attorned to him, or had any knowledge of him. Mr. McKenzie, who had been requested by the receiver to act for him in the management of the property as he had previously acted, had had no communication with the master of the Lotta, nor had he been on board the vessel, nor had any one in his behalf. Up to the time of the arrest of the Lotta by the marshal, the receiver had, therefore, never acquired any kind of possession of the Lotta, actually or constructively. Until that had been done, the vessel was obviously as amenable to the admiralty process in the hands of the marshal as to the order of the state court in favor of the receiver.

Without reference, therefore, to the other questions referred to in the decision of the motion, I must allow a decree in favor of the libelant for $339, with interest and costs.